# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------ x

| | |
|---|---|
| CAMPBELL MUNN, | **SUMMONS** |
| Plaintiff, | Index No.: |
| -against- | The Basis of Venue is: Location of Incident |
| THE CITY OF NEW YORK, NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, | |
| Defendants. | Plaintiff designates New York County as the place of trial. |

------------------------------------------------------------------------ X

**To the above named Defendants:**

    **You are hereby summoned** to answer the Verified Complaint in this action, and to serve a copy of your Verified Answer to the Verified Complaint, or, if the Verified Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
       April 22, 2021

                                Yours, etc.

                                _____
                                CAITLIN ROBIN, ESQ.
                                CAITLIN ROBIN AND ASSOCIATES PLLC
                                Attorney for Plaintiff
                                30 Broad Street Suite 702
                                New York, New York 10004
                                (646)-524-6026

TO:    THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007

          NYPD POLICE OFFICERS JOHN/JANE DOES 1-10; 1 Police Plaza, New York, NY 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------ X

CAMPBELL MUNN,

                                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, NYPD POLICE OFFICERS
JOHN/JANE DOES 1-10,

                                                  Defendants

INDEX NO.:

<u>VERIFIED COMPLAINT</u>

JURY TRIAL DEMANDED

------------------------------------------------------------------------ X

        Plaintiff CAMPBELL MUNN, by his attorneys, Caitlin Robin & Associates, PLLC, as and for his Verified Complaint herein, alleges upon information and belief as follows:

## <u>PRELIMINARY STATEMENT</u>

        1.        This is a civil rights action to recover money damages arising out of defendants' violation of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York. On November 4, 2020, at approximately 10:00 pm, plaintiff CAMPBELL MUNN, while lawfully and peacefully protesting in the vicinity of 8th Street and 5th Avenue in New York, New York, was subject to unlawful stop, frisk, search, false arrest, and false imprisonment by Defendant NYPD Officers. In addition, Plaintiff was subjected to use of excessive force by the defendant Officers, causing Plaintiff to suffer physical, mental and emotional injuries. New York County District attorneys declined to prosecute, and all charges falsely made against Plaintiff were dismissed and sealed. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully stopped, frisked, searched, subjected to excessive force, falsely arrested, falsely imprisoned, and denied Plaintiff the right to due process and fair trial in violation of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the common law and the laws of the State of New York.

## <u>PARTIES</u>

        2.        Plaintiff CAMPBELL MUNN is a resident of the State of New York.

        3.        NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are and were at all times relevant herein, officers, employees, and agents of the New York City Police Department.

4. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, were at all times relevant herein, assigned to 1 Police Plaza.

5. NYPD POLICE OFFICERS JOHN/JANE DOES 1-10, are being sued in their individual and official capacities.

6. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

7. At all times relevant herein, the individual defendant(s) were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Plaintiff in furtherance of his causes of action brought pursuant to New York State law filed a timely Notice of Claim against the Defendant City of New York in compliance with the Municipal Law Section 50 and in accordance with New York State law on January 27, 2021.

9. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and Defendant City of New York has failed to pay or adjust the claims.

10. Plaintiff CAMPBELL MUNN submitted to a hearing pursuant to General Municipal Law § 50-h on March 10, 2021.

11. More than thirty (30) days have elapsed since Plaintiff CAMPBELL MUNN's 50-h hearing and Defendant City of New York has failed to pay or adjust the claims.

12. This action falls within one or more of the exceptions as set forth in CPLR Section 1602, involving intentional actions, as well as the defendant, and/or defendants, having acted in reckless disregard for the safety of others, as well as having performed intentional acts.

13. Plaintiff has sustained damages in an amount in excess of the jurisdictional limits of all the lower Courts of the State of New York.

- 3 -

## STATEMENT OF FACTS

14. On November 4, 2020, at approximately 10:00 pm, Plaintiff was lawfully present in the vicinity of Times Square at 8th Street and 5th Avenue in New York, New York, when the Defendant Police Officers unlawfully stopped, frisked, searched, arrested, and imprisoned Plaintiff without probable cause or legal justification.

15. On the evening of November 4, 2020, Plaintiff was taking part in a peaceful and lawful public protest regarding the election and President Donald Trump's refusal to concede the election.

16. While Plaintiff was leaving the protest to walk home, he encountered a shield wall blockade, and directly behind him was a line of defendant officers chanting for the protestors to move back.

17. Plaintiff was caused to be trapped between the blockade and a line a defendant officers.

18. One unidentified defendant officer tackled Plaintiff to the ground causing him to hit his head on the ground.

19. While on the ground many additional protestors were tackled on top of Plaintiff, causing Plaintiff's shoulder to be pressed down in extreme pain.

20. Plaintiff was eventually dragged out of the throng of bodies, handcuffed with zip ties, and left sitting in the street for over an hour.

21. During the time that Plaintiff was zip tied and sitting in the street, Plaintiff's mask had fallen off of his face, and defendant officers ignored his multiple requests to put his mask back on.

22. Additionally, during the time that Plaintiff was zip tied and sitting in the street, the zip ties on his wrists were extremely tight and painful, and defendant officers ignored his multiple requests to loosen the zip ties.

23. At no point did Plaintiff commit a crime, nor did defendant officers have reason to believe he had committed a crime.

24. Plaintiff was within his full First Amendment right to peacefully assemble and protest on November 4, 2020.

25. At no point was the Plaintiff resistant or combative to defendant officers.

26. Nevertheless, he was arrested and restrained with zip ties and later metal handcuffs by defendant officers.

27. Plaintiff was placed in the back of a police vehicle and transported to 1 Police Plaza against his will, where he was unlawfully fingerprinted, photographed, subjected to unlawful search, and detained in a holding cell.

28. While at 1 Police Plaza, Plaintiff's shoelaces and a belt he received as a gift from his mother, were taken from him. Plaintiff was not provided a voucher for his personal property nor was his personal property returned to him upon his release from custody.

29. After approximately 6 hours in unlawful custody, the Plaintiff was released with a Desk Appearance Ticket despite there being no probable cause or legal justification to charge him with any crimes.

30. New York County District attorneys declined to prosecute, and all charges against the plaintiff were dismissed and sealed.

31. Some of the police officer defendants observed the violation of Plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent their fellow officers from unjustifiably stopping, frisking, using excessive force upon, and unlawfully arresting and detaining the Plaintiff.

32. The unlawful stop, frisk, use of excessive force, unlawful arrest, unlawful imprisonment, and denial of Plaintiff's right to peacefully assemble and protest by the individually named defendants caused Plaintiff to sustain physical, psychological and emotional trauma.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's First Amendment Rights

33. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set forth at length herein.

34. The illegal block of demonstration employed by defendants herein terminated Plaintiff's right to peacefully assemble and protest through means intentionally applied.

35. The conduct of defendants in stopping Plaintiff from peacefully protesting was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

36. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and of the United States Constitution.

37. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

38. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SECOND CAUSE OF ACTION

### Unlawful Stop

39. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

40. The illegal approach, pursuit, and stop employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

41. The conduct of defendants in stopping and blocking Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

42. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

43. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

44. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## THIRD CAUSE OF ACTION

### Violation of the Plaintiff's Fourth and Fourteenth Amendment Rights

45. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 44 with the same force and effect as if more fully set forth at length herein.

46. The individually named police officer defendants, while acting in concert and within the scope of their authority, caused Plaintiff to be seized, unlawfully searched, falsely arrested, and falsely imprisoned, and maliciously prosecuted without reasonable suspicion and/or probable cause, in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment of the United States.

47. As a result of the aforementioned conduct of the defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

## FOURTH CAUSE OF ACTION

### False Arrest and False Imprisonment

48. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 47 with the same force and effect as if more fully set forth at length herein.

49. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

50. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

51. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

52. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FIFTH CAUSE OF ACTION

### Unlawful Stop and Frisk

53. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 52 with the same force and effect as if more fully set forth at length herein.

54. The illegal approach, pursuit, stop and frisk employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

55. The conduct of defendants in stopping, frisking, and searching Plaintiff was performed under color of law and without any reasonable suspicion of criminality or other constitutionally required grounds.

56. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

57. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

58. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION

### Unlawful Search

59. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 58 with the same force and effect as if more fully set forth at length herein.

60. The illegal approach, pursuit, stop, and search employed by defendants herein terminated Plaintiff's freedom of movement through means intentionally applied.

61. Defendants lacked probable cause to search Plaintiff.

62. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

63. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

64. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## SEVENTH CAUSE OF ACTION

### Violation of Plaintiff's Fifth and Fourteenth Amendment Rights
### Denial of Right to Fair Trial/Due Process

65. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 64 with the same force and effect as if more fully set forth at length herein.

66. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the New York County District Attorney's Office.

67. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the New York County District Attorney's Office.

- 8 -

68. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the New York County District Attorney's Office.

69. In withholding/creating false evidence against Plaintiff CAMPBELL MUNN, and in providing/withholding information with respect thereto, defendants violated Plaintiff's constitutional right to due process and fair trial under the New York State Constitution and under the Due Process Clause of the Fifth Amendment to the Constitution of the United States and to be free of deprivation of liberty under the Fourteenth Amendment to the United States Constitution.

70. As a result of the foregoing, Plaintiff CAMPBELL MUNN sustained, inter alia, loss of the right to due process and a fair trial, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

71. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

72. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

## EIGHTH CAUSE OF ACTION

### Negligence

73. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 72 with the same force and effect as if more fully set forth at length herein.

74. Defendants owed a duty of care to Plaintiff.

75. To the extent defendants claim that the injuries to Plaintiff by the defendant police officer were unintentionally caused and that the force used by the defendant against him was unintentional, then the defendant breached that duty of care by leaving his imprisoned for hours, unlawfully and against his will.

76. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

77. All of the foregoing occurred without any fault or provocation by Plaintiff.

78. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

79. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

80. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## NINTH CAUSE OF ACTION

### Violation of Plaintiff's Fourth And Fourteenth Amendment Rights

81. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 80 with the same force and effect as if more fully set forth at length herein.

82. The use of excessive force by defendants by, amongst other things, grabbing his and forcibly restraining his with metal handcuffs, constituted objectively unreasonable physical seizures of Plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

83. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

## TENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

84. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully set forth at length herein.

85. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiff, CAMPBELL MUNN. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

86. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed Plaintiff by the laws and Constitution of the State of New York.

87. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

88. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

89. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

90. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

### ELEVENTH CAUSE OF ACTION

### Malicious Prosecution

91. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 90 with the same force and effect as if more fully set forth at length herein.

92. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and New York State common law.

93. Defendants commenced and continued a criminal proceeding against Plaintiff.

94. There was actual malice and an absence of probable cause for the criminal proceeding against Plaintiff and for the charges for which he was prosecuted.

95. The charges against the plaintiff were dismissed and sealed on or around January 6, 2021, as he committed no crime.

96. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York and the United States Constitution.

97. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

98. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to emotional and psychological injuries.

### TWELFTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

- 11 -

99. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 98 with the same force and effect as if more fully set forth at length herein.

100. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train, and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

101. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

### THIRTEENTH CAUSE OF ACTION

### Failure to Intervene

102. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs marked 1 through 101 with the same force and effect as if more fully set forth at length herein.

103. The defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's Constitutional Rights had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

104. Defendants failed to intervene to prevent the unlawful conduct described herein.

105. As a result of the foregoing, Plaintiff's liberty was restricted, his rights were violated, he was put in fear for his safety, falsely arrested and unlawfully imprisoned, and psychologically traumatized.

106. As a direct and proximate result of such acts, defendants deprived Plaintiff of his rights under the laws of the State of New York.

107. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York, which is therefore responsible for their conduct.

108. The City of New York, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

109. As a result of the aforementioned conduct of defendants, Plaintiff sustained injuries, including but not limited to physical, emotional, and psychological injuries.

## JURY DEMAND

110. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CAMPBELL MUNN demands judgment against the defendants on each cause of action in amounts to be determined upon the trial of this action which exceeds the jurisdiction of lower courts, inclusive of punitive damages and attorneys' fees inclusive of costs and disbursements of this action, interest and such other relief as is appropriate under the law. That the Plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

Dated:   New York, New York
         April 22, 2021

By: _/s/ Caitlin Robin_
CAITLIN ROBIN, ESQ.
CAITLIN ROBIN AND ASSOCIATES PLLC
Attorney for Plaintiff
30 Broad Street Suite 702
New York, New York 10004
(646)-524-6026


TO:   THE CITY OF NEW YORK, Corporation Counsel, 100 Church Street, NY, NY 10007

      NYPD POLICE OFFICERS JOHN/JANE DOES 1-10; 1 Police Plaza, New York, NY 10038

## ATTORNEY'S VERIFICATION

**CAITLIN ROBIN,** an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a member of the law firm of **CAITLIN ROBIN AND ASSOCIATES PLLC**, I have read the annexed **VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files. The reason this verification is made by me and not Plaintiff is because Plaintiff does not reside in the county wherein I maintain my office.

DATED: New York, New York
       April 22, 2021

_____
CAITLIN ROBIN